Peck, J.,
delivered the opinion of the court:
This motion, filed on the 3d of May last, for a new trial, was argued to the court on the 9th of January, 1871;
The motion asks of the court “that the judgment heretofore rendered in this action, viz, on the 25th January, 1859, dismissing the claimant’s petition, be vacated and set aside, and that a new trial be granted therein, upon the ground that, under the rulings and decisions of the Supreme Court of the United States, made since the said judgment was rendered, the claimant is entitled to recover upon the facts stated in his petition and proved upon the trial.”
*239 The motion is not supported by affidavit of any kind, unless we may consider the affidavit of one A. Morrel, filed at tbe argument, and sworn to on the 9th of January, A. D. 1871, which has no reference to the ground stated for a new trial by the motion just recited, but' which states that the claimant, Bramhall, became insane within six or eight months of the commencement of the suit, and thereby became “ totally unfit in any manner to assist in bringing forth facts, previously within his knowledge, that would have materially changed the evidence before this court, as offered upon the hearing of this cause; that it was known to Mr. Bramhall that Gowdy, who purchased said cotton for him, the said Bramhall, was loyal to the United States government,” &c. This affidavit might appeal more. strongly to the sympathy of the court, if such an element could be considered by it in its legal functions, if it had been made by Mr. Bramhall, who is now restored to his faculties, instead of by a stranger. The record shows that within five months after he had brought his suit, and before his alleged insanity, Mr. Bramhall offered his own deposition in support of his'claim, and he was examined in this city as a witness, on the same day and before the same commissioner that his witness, Gowdy, was examined. Mr. Bramhall swore to his own loyalty, but made no reference to the loyalty of his witness, Gowdy; nor did Gowdy himself do so on that examination, nor on his other examinations, one of which was prior, and the other subsequent, to his examination with the claimant, Bramhall.
It is not pretended that the evidence in relation to Gowdy’s loyalty is newly discovered, but the contrary is asserted; and as an excuse for the negligence in not offering it at the trial, it is asserted that the claimant was under the bereavement of the loss of his mind. This excuse did not exist at the time the testimony to establish the fact, if it existed, might have been taken, and therefore does not excuse the negligence.
Upon the argument of the motion the counsel for claimant assumed that if the loyalty of the witness, Gowdy, had been proved, the judgment of the court would have been different. The case did not turn upon the loyalty of Gowdy; that was not a material element in it. Even if that fact had been proved, it does not follow that a different judgment would have been rendered. Unless it is made to appear to the court that a dif *240 ferent result would probably be reached if a new trial should be granted, or it is made clearly to appear that injustice has been done on the original trial, the court will adhere to its previous decision.
The motion alleges, as its main support, that the Supreme Court, since the rendition of the judgment in this court, has made rulings and decisions, to which we have not been referred, which would entitle his client to a judgment in his favor; therefore, he is entitled to a new hearing and a new judgment in this court. Why did not the claimant, by an appeal, seek in the Supreme Court for the rulings and decisions which he now considers so beneficial to him ? An appeal was as open to him as to any others.
New trials in this court cannot be granted to claimants “ unless such reasons shall be presented as, by the rules of common law or chancery, in suits between individuals, would furnish sufficient ground therefor.” Newly-discovered law by a party, or his ignorance of the law, has not heretofore been deemed, either at common law or chancery, as a sufficient reason for granting a new trial.
The Chief Justice, on an application for a new trial recently made on the part of the United States in the case of Child, Pratt & Pox, has given an opinion on this and cognate questions that I consider so full and able as to preclude the necessity of a further discussion of it.
Bramhall’s case was carefully considered by the court before its decision was announced. It has ever since been regarded as a leading case, where the same questions discussed in it are again presented for the consideration of the court.
As confirmatory of this, we refer to the following remarks of the judge who delivered the opinion of the court in BernheimeCs Case, (5 C. Cls. B., p. 549:)
“The previous decisions of this court fall into two consistent classes, which have found best expression in the cases of Crossmeyer and of Bramhall, (4 C. Cls. B., p. 1, p. 51.)
“ 1. Where the southern debtor, or agent, has reported the property at the time of capture as his northern creditor’s, or his principal’s, where he has separated it from his own property and consistently held it to await capture, exercising over it the fewest póssible acts of ownership, and notifying the creditor of his purchase whenever an opportunity has enabled him so to *241 do, then we have uniformly beld tbe creditor, or principal, to have acquired an ownership, within the true remedial intent of the law.
“ 2. Where the debtor at the time of capture has reported the captured property as his own, where he has previously treated it as such, and the ownership of the northern creditor has rested exclusively within the debtor’s breast, so that his calling it another’s might be a mere afterthought to defeat the lawful effect of the capture, there we have uniformly held the debtor to be the owner, and the pretended transfer in fraud of the act.”
The motion for a new trial is denied.